JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JENNIFER McGHEE and JENNIFER TOMCZAK

**DEFENDANTS**

A&M (2015) LLC f/k/a YM, LLC USA d/b/a Annie Sez and Mandees and et al.

**(b)** County of Residence of First Listed Plaintiff    **BUCKS COUNTY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **PASSAIC COUNTY**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Craig Thor Kimmel, Esq., Kimmel & Silverman, PC,
30 E. Butler Ave., Ambler, PA, 19002, (215)540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN    (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §§ 621 et seq., 43. Pa. C.S.A. §§ 951 et seq.

Brief description of cause:
Age Discrimination in Employment Act and the Age Discrimination in Employment Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
06/24/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JENNIFER McGHEE,<br>and<br>JENNIFER TOMCZAK | :<br>:<br>:   Civil Action No. |
| Plaintiffs, | :<br>: |
| v. | :   COMPLAINT AND DEMAND<br>:   FOR JURY TRIAL |
| A&M (2015), LLC f/k/a YM, LLC USA<br>d/b/a Annie Sez and Mandees<br>and<br>KEN SYRMOPOULOS, individually<br>and in his official capacity as Vice<br>President of Sales and Operations for<br>A&M (2015), LLC, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

## COMPLAINT

Plaintiffs, JENNNIFER MCGHEE and JENNIFER TOMCZAK (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, Craig Thor Kimmel, Kimmel & Silverman, P.C., and states their Complaint against Defendants, A&M (2015), LLC f/k/a YM, LLC USA d/b/a Annie Sez and Mandees ("A&M") and KEN SYRMOPOULOS ("Syrmopoulos"), individually and on behalf of A&M, for termination of their employment based upon their age, and in support thereof alleges the following:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

2. This Court has jurisdiction over Plaintiffs' state law claims based on supplemental jurisdiction principles arising from 28 U.S.C. § 1367.

3. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act, as amended, ("ADEA") 29 U.S.C. §§ 621 *et seq.*, and the Pennsylvania Human Relations Act, as amended, ("PHRA") 43. Pa. C.S.A. §§ 951 *et seq.*

4. Plaintiffs exhausted her administrative remedies by filing charges with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") within the respective statutory periods following the complained of acts.

5. A Right to Sue letter was issued by the EEOC, and this action is being filed within ninety (90) days of Plaintiffs having received the Right to Sue letter.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the Defendants do business in this district and the events giving rise to the claims occurred in this district.

## PARTIES

7. Plaintiff, Jennifer McGhee is a female who resides in Southampton, Pennsylvania 18901. Ms. McGhee is and was at all times relevant to this lawsuit over 40 years old.

8. Plaintiff, Jennifer Tomczak is a female who resides in Doylestown, Pennsylvania 18901. Ms. Tomczak is and was at all times relevant to this lawsuit over 40 years old.

9. At all relevant times, Plaintiffs were "employees" of Defendant A & M under the applicable statutes.

10.     Defendant A&M is a New Jersey corporation with a principal place of business at 12 Vreeland Avenue, Totowa, NJ.  At all times relevant hereto, A & M has conducted business in this district.

11.     Defendant Ken Syrmopoulos (hereinafter "Defendant Syrmopoulos"), Individually and on behalf of A & M, is the Vice President of Sales and Operations for A & M.

## ADMINISTRATIVE PROCEEDINGS

12.     Ms. Tomczack filed a Charge of Discrimination with the EEOC against Defendants on or about August 4, 2015.

13.     Ms. McGhee filed a Charge of Discrimination with the EEOC against Defendants on or about August 4, 2015.

14.     The Plaintiffs' EEOC Charges were timely cross-filed with the PHRC, the allegations of which are incorporated within.

15.     On or about May 2, 2016, Ms. Tomczack requested and received a "Right to Sue" letter from the EEOC and has now commenced the instant lawsuit within 90 days of receiving the letter.  See Exhibit A, May 2, 2016 letter from EEOC.

16.     On or about May 2, 2016, Ms. McGhee requested and received a "Right to Sue" letter from the EEOC and has now commenced this lawsuit within 90 days of receiving such letters.  See Exhibit B, May 2, 2016 letter from EEOC.

## FACTS

17.     The foregoing paragraphs above are incorporated by reference as though fully set forth herein.

18.     Plaintiff McGhee began employment with A&M on September 13, 2013 as a Sales Associate in the "Annie Sez" store owned by A&M located in Doylestown, PA.

19.     Ms. McGhee possessed the educational background, experience, skills, and other requirements to be a Sales Associate and performed her job and performed her job at a level that met her employer's expectations.

20.     Plaintiff Tomczak began employment with A&M on August 29, 1995 as a Sales Associate in the "Annie Sez" store owned by A & M located in Doylestown, PA and was promoted to the position of Assistant Manager in or around June 1997.

21.     Ms. Tomczak possessed the educational background, experience, skills and other requirements to be an Assistant Manager and performed her job at a level that met her employer's expectations.

22.     Both Plaintiffs were over the age of 40 at all times relevant hereto.

23.     In early 2015, Plaintiffs learned that the "Annie Sez" store in Doylestown was going to be converted to a "Mandees" store and that all employees of "Annie Sez" were going to be terminated and would have to re-apply after the termination.

24.     During the afternoon of March 4, 2015, while both Plaintiffs and other employees were at the Doylestown location helping to empty the store in preparation for the conversion, Defendant Syrmopoulos visited the premises.

25.     Defendant Syrmopoulos was greeted by Danielle Scherzberg, the Store Manager.

26.     After meeting Ms. Scherzberg, Alejandrina Pinot-Santos (the manager-in-training), and Ms. Tomczak, Defendant Syrmopoulos requested that Ms. Scherzberg meet with him privately in the stock room.

27.     Ms. Scherzberg asked if Ms. Tomczak could also attend the meeting and Defendant Syrmopoulos responded in the affirmative.

28.     During this meeting, Defendant Syrmopoulos spoke with Ms. Tomczak and Ms. Scherzberg about the closing of the store and remodeling.

29.     After this meeting was over, Defendant Syrmopoulos headed towards the front of the store and asked Ms. Scherzberg to accompany him.

30.     Defendant Syrmopoulos and Ms. Scherzberg stopped in front of the entrance and spoke privately for approximately five (5) to ten (10) minutes.

31.     During the aforementioned conversation between Defendant Syrmopoulos and Ms. Scherzberg, Defendant Syrmopoulos told Ms. Scherzberg that most of the current employees at the store did not "fit the Mandee image" and that those employees would need to be "replaced."

32.     Specifically, Defendant Syrmopoulos stated that Ms. Tomczak was "too old" and that Ms. Pinot-Santos was "too fat."

33.     During this conversation, another Sales Associate named Molly Holcombe, who was eighteen (18) years of age at the time, walked by Defendant Syrmopoulos and Ms. Scherzberg at which point Defendant Syrmopoulos commented to Ms. Scherzberg that "she [Molly] is the type of person we are looking for."

34.     After the conversation was over, Defendant Syrmopoulos left the store.

35.     Ms. Scherzberg was visibly upset and outraged over what Defendant Syrmopoulos had just told her and she informed the employees present that Defendant Syrmopoulos said that Ms. Tomczak was going to be terminated because she was "too old" and Ms. Pinot-Santos was "too fat" and that they didn't "fit the Mandees image."

36.     Both Plaintiffs were subsequently informed by Ms. Scherzberg that once the store was emptied, they would be terminated from their employment.

37.     Both Plaintiffs continued to work and assist with the clean-out until March 8, 2015.

38.     On March 8, 2015, the final day of the clean-out, both Plaintiffs were terminated.

39.     Ms. Scherzberg, Ms. Holcombe, and Ms. Monica Cristancho (22 years of age) were not terminated.

40.     Both Plaintiffs had more experience and better qualifications than Ms. Holcombe and Ms. Cristancho, the two Sales Associates who were not terminated.

41.     Upon information and belief, following the termination of Plaintiffs' employment, Defendant A&M hired younger employees to replace them.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## PLAINTIFS v. A & M

42.     The foregoing paragraphs above are incorporated by reference as though fully set forth herein.

43.     Plaintiffs were both over the age of 40 at the time their employment was terminated by Defendant A&M.

44.     Both Plaintiffs were performing their jobs at a level that met their employer's expectations.

45.     Plaintiffs' age was the determinative factor in their terminations.

46.     Defendant A&M retained younger, less qualified employees when it converted its store from "Annie Sez" to "Mandees."

47.     On information and belief, both Plaintiffs were replaced by younger, less qualified employees.

48.     Defendant A&M's conduct constitutes a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S. C. § 621 *et seq.*

49.     Defendant A&M's conduct was "willful" as defined in 29 U.S.C. § 626 (b) of the ADEA.

50.     As a direct result of the willful and unlawful actions as aforesaid in violation of the ADEA, Plaintiffs have suffered emotional distress, humiliation, embarrassment, loss of self-esteem and have sustained a loss of earnings and benefits, together with a loss of future earning power.

WHEREFORE, Plaintiffs pray for the following relief;

    (a)     Order Defendant to compensate Plaintiffs for the full value of compensation and benefits they would have received had they not been the victim of unlawful age discrimination, with interest thereon;

    (b)     Enter judgment in favor of Plaintiffs and against Defendant for liquidated damages under 29 U.S.C. § 626 (b) of the ADEA;

(c)     Enter an award of front pay to Plaintiffs;

(d)     Order Defendant to pay Plaintiffs the costs and expenses of this litigation, including reasonable attorneys' fees; and

(e)     Grant Plaintiffs such further legal and equitable relief as the Court may deem just and proper.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
## PLAINTIFFS v. A&M

51.     The foregoing paragraphs above are incorporated by reference as though fully set forth herein.

52.     Employer liability for age discrimination under the Pennsylvania Human Relations Act ("PHRA") follows the standards for employer liability set forth under the ADEA.

53.     The aforementioned conduct of Defendant A&M constitutes a violation of the PHRA, 43 P.S. § 951 *et seq.*

54.     By intentionally, willfully and deliberately terminating Plaintiffs based on their age, Defendant A&M violated the PHRA.

55.     As a direct result of the willful and unlawful actions as aforesaid in violation of the PHRA, Plaintiffs have suffered emotional distress, humiliation, embarrassment, loss of self-esteem and have sustained a loss of earnings and benefits, together with a loss of future earning power

WHEREFORE, Plaintiffs pray for the following relief;

(a)     Order Defendant to compensate Plaintiffs for the full value of compensation and benefits they would have received had they

not been the victim of unlawful age discrimination, with interest thereon;

(b)     Enter judgment in favor of Plaintiffs and against Defendant for compensatory damages under the PHRA;

(c)     Enter an award of front pay to Plaintiffs;

(d)     Order Defendant to pay Plaintiffs the costs and expenses of this litigation, including reasonable attorneys' fees; and

(e)     Grant Plaintiffs such further legal and equitable relief as the Court may deem just and proper.

## COUNT III
## AIDING AND ABETTING DISCRIMINATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT
## PLAINTIFFS v. DEFENDANT SYRMOPOLOUS

56.     The foregoing paragraphs above are incorporated by reference as though fully set forth herein.

57.     Section 955 (e) of the PHRA  declares it a discriminatory practice for "any person, employer, employment agency, labor organization or employee to aid, abet, incite, compel or coerce the doing of any act declared by this section."

58.     In making the decision to terminate Plaintiffs based solely on their age, Defendant Syrmopoulos aided and abetted the unlawful age discrimination of A&M.

59.     Defendant Syrmopoulos, as a supervisor/manager is personally liable pursuant to the PHRA for aiding and abetting the unlawful conduct and age discrimination set forth herein.

59.     As a direct result of the willful and unlawful actions as aforesaid in violation of the PHRA, Plaintiffs have suffered emotional distress, humiliation,

embarrassment, loss of self-esteem and have sustained a loss of earnings and benefits, together with a loss of future earning power.

WHEREFORE, Plaintiffs pray for the following relief;

(a)     Order Defendants to compensate Plaintiffs for the full value of compensation and benefits they would have received had they not been the victim of unlawful age discrimination, with interest thereon;

(b)     Enter judgment in favor of Plaintiffs and against Defendants for compensatory damages under the PHRA;

(c)     Enter an award of front pay to Plaintiffs;

(d)     Order Defendant to pay Plaintiffs the costs and expenses of this litigation, including reasonable attorneys' fees; and

(e)     Grant Plaintiffs such further legal and equitable relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all counts complained of herein.

RESPECTFULLY SUBMITTED,
DATED:                                      KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| JENNIFER McGHEE, <br> and <br> JENNIFER TOMCZAK <br><br> v. <br><br> A&M (2015), LLC f/k/a YM, LLC USA <br> d/b/a Annie Sez and Mandees <br> and <br> KEN SYRMOPOULOS, individually <br> and in his official capacity as Vice <br> President of Sales and Operations for <br> A&M (2015), LLC, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> :    CIVIL ACTION <br>    NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( X )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

6-24-16
_____    _____    Craig Thor Kimmel, Esquire
Date                           Attorney-at-law                    Attorney for Plaintiff

215-540-8888           215-540-8817              kimmel@creditlaw.com
Telephone              FAX Number              E-Mail Address
(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:_____845 Davisville Road, Southampton, PA 18966_____

Address of Defendant:___12 Vreeland Avenue, Totowa, NJ_____

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                                  Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                                                                             Yes☐   No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                                                   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                                                   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                                                   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                                                   Yes☐   No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

| A. *Federal Question Cases*: | B. *Diversity Jurisdiction Cases*: |
|---|---|
| 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ Insurance Contract and Other Contracts |
| 2. ☐ FELA | 2. ☐ Airplane Personal Injury |
| 3. ☐ Jones Act-Personal Injury | 3. ☐ Assault, Defamation |
| 4. ☐ Antitrust | 4. ☐ Marine Personal Injury |
| 5. ☐ Patent | 5. ☐ Motor Vehicle Personal Injury |
| 6. ☐ Labor-Management Relations | 6. ☐ Other Personal Injury (Please specify) |
| 7. ☒ Civil Rights | 7. ☐ Products Liability |
| 8. ☐ Habeas Corpus | 8. ☐ Products Liability — Asbestos |
| 9. ☐ Securities Act(s) Cases | 9. ☐ All other Diversity Cases |
| 10. ☐ Social Security Review Cases | (Please specify) _____ |
| 11. ☒ All other Federal Question Cases – ‹ (Please specify) | |

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I,_____Craig Thor Kimmel, Esquire_____, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: _____06/24/2016_____          _____          **57100**
                                                          Attorney-at-Law                        Attorney I.D.#
          **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____06/24/2016_____          _____          **57100**
                                                          Attorney-at-Law                        Attorney I.D. #
CIV. 609 (5/2012)